IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| In re:   Vickie L. Wise, | § | Case No. 16-71577 |
| | § | |
| _Debtor(s)_ | § | Chapter 13 |
| | § | |
| Christopher T. Micale, Trustee, | § | |
| | § | |
| _Movant_, | § | |
| v. | § | Motion to Determine Mortgage |
| | § | Payment Under Rule 3002.1 and |
| U.S. Bank Trust National Association, as | § | for Entry of Order to Show Cause |
| Trustee of the Igloo Series III Trust, and | § | |
| | § | |
| BSI Financial Services, | § | |
| _Respondents._ | § | |

---

**MOTION TO DETERMINE MORTGAGE PAYMENT UNDER RULE 3002.1
AND FOR ENTRY OF ORDER TO SHOW CAUSE**

---

<u>NOTICE OF HEARING</u>

**TAKE NOTICE: A preliminary hearing on this Motion will be held before the Court on December 2, 2019, at 11:00 A.M. for scheduling purposes, at the United States Bankruptcy Court, 210 Church Avenue SW, Second Floor Courtroom, Roanoke VA 24011. If you wish to be heard and participate, you must file a response within seven (7) days in advance of said hearing and attend the same. Failure to respond and appear may be construed as default and an order may be entered against you.**

NOW COMES THE TRUSTEE, seeking entry of an order that determines the amount of the Debtor's ongoing mortgage payment and that requires the Respondents named above to show cause why sanctions should not be imposed, and shows as follows:

1.      The Debtor, Vickie L. Wise, filed her voluntary petition with the Court on December 1, 2016.

2.      At the time of the filing of the Debtor's petition, she was indebted to Wilmington Trust, National Association, as trustee for VM Trust Series 3 (hereinafter "Wilmington Trust"), as indicated by Proof of Claim 9.

3.      At the time Claim 9 was filed, the same represented that the Debtor's ongoing monthly mortgage payment totaled $1,124.98, comprised of $949.40 principal and $175.58 escrow.

4.      The initial chapter 13 plan confirmed by the Court directed the Trustee to disburse the ongoing payments to Wilmington Trust, as did the subsequently confirmed plan.

5.      On August 11, 2017, a first notice of mortgage payment change was filed with the Court indicating a change in the Debtor's monthly mortgage payment amount.

6.      The Trustee processed the first notice of mortgage payment change and began disbursing the amount required under the same.

7.      On June 27, 2018, Claim 9 was transferred to U.S. Bank Trust National Association, as Trustee of the Igloo Series III Trust, one of the respondents named herein.

8.      After Claim 9 was transferred, the Trustee continued to disburse ongoing payments in accordance with the notice of mortgage payment change filed on August 11, 2017, but to the new recipient.

9.      On October 9, 2019, a second notice of mortgage payment change was filed with the Court, this time increasing payment on the escrow portion of the account from $175.58 to $801.72.

10.     The Trustee has the following concerns with respect to the second mortgage payment change:

a. The notice itself states that the current escrow payment is $175.58 although the previously filed notice of mortgage payment change had escrow at $256.10.

b. The escrow analysis prepared by BSI Financial Services (the second respondent named herein) states that the anticipated escrow balance starting in November 2019 is negative (-) $4,844.12 and will eventually reach negative (-) $5,905.60 in June 2020, resulting in the shortage sought of $6,436.32 (or $536.36 per month). The Trustee is unable to reconcile this shortage given that the Trustee has made payments consistently and in accordance with prior filings in this Case.

11. The Trustee believes that the Respondents are either including pre-petition escrow components in the ongoing post-petition calculations – a clear violation of the automatic stay and/or violation of the confirmed plan's res judicata effect – or are failing to apply funds received properly toward the ongoing escrow and ongoing principal payments, which would likewise be violations of the automatic stay and confirmed plan's res judicata effect.

12. Accordingly, if shown that such violations are occurring, the Respondents should be required to show cause why sanctions should not be assessed against it.

13. Given U.S. Bank Trust National Association's nationwide scope and BSI Financial Services' past-conduct in mortgage servicing, the Trustee submits that a substantial penalty is appropriate, including punitive damages.

WHEREFORE, THE CHAPTER 13 TRUSTEE RESPECTFULLY PRAYS THIS COURT THAT:

A. A hearing be held to determine the amount of the Debtor's ongoing mortgage payment;

B. That an order be entered requiring the Respondents to show cause why sanctions should not be imposed on the same in an amount of not more than $20,000.00; and

C. That the Trustee have such other relief the Court deems necessary and proper.

3

**OFFICE OF THE CHAPTER 13 TRUSTEE**
**CHRISTOPHER T. MICALE, TRUSTEE**

By:      /s/Jason B. Shorter

JASON B. SHORTER, ESQ.
*Staff Attorney for the Office*
*of the Chapter 13 Trustee*
15 SALEM AVE. SE, STE. 300
ROANOKE, VA 24011
(540) 342-3774 (PH)
(540) 342-3062 (FAX)

## CERTFICATE OF SERVICE

The Undersigned hereby certifies that on October 18, 2019 he uploaded a true and exact copy of the foregoing Motion to the Court's Electronic Case Filing System, notice of which shall be sent by operation of the Court's Electronic filing receipt to all parties entitled to receive notice electronically, including, Counsel for the Debtor. Other parties were served via United States Mail addressed as follows:

Michelle R. Ghidotti-Gonsalves
Ghidotti Berger LLP
1920 Old Tustin Avenue
Santa Ana CA 92705

U.S. Bank Trust National Association
As Trustee of the Igloo Series III Trust
Attn:  Mr. Gunjan Kedia, Chairman
300 Delaware Avenue, 9th Floor
Wilmington DE 19801-1608
(Via First Class & Certified Mail Both)

BSI Financial Services
Attn:  Gagan Sharma, CEO
1425 Greenway Drive, Suite 400
Irving TX 75038
(Via First Class & Certified Mail Both)

/s/ Jason B. Shorter

MOTN1671577.001-001                           JASON B. SHORTER, STAFF ATTORNEY